IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF CAHOKIA, ILLINOIS, )<br>a municipal corporation, VILLAGE OF )<br>CAHOKIA WATER & SEWER, and )<br>MAYOR GARY CORNWELL, )<br>)<br>Defendants. ) | Case No. 14-CV-887-SMY-SCW |

### DEFENDANTS' ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Village of Cahokia and Mayor Gary Cornwell (hereinafter "Defendants"), by their attorneys Jane M. May and Brian M. Funk, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

1.  Plaintiff is and has been a resident of the State of Illinois, St. Clair County.

**ANSWER:   Defendants admit the allegations set forth in Paragraph 1.**

2.  Defendant is a municipality located in St. Clair County, Illinois operating under the laws of the United States and the State of Illinois.

**ANSWER:   Defendants admit the Village of Cahokia is a municipality located in St. Clair County operating under the laws of the United States and the State of Illinois.**

3.  At all relevant times to this Complaint the Village of Cahokia, Village of Cahokia Water & Sewer employees and Mayor Gary Cornwell were acting under the color of law in their official capacities for Defendants.

**ANSWER:   Defendants deny that Village of Water & Sewer exists in either law or in fact. Defendants admit the remaining allegations set forth in Paragraph 2.**

4. At all relevant times in this Complaint Mayor Gary Cornwell was the final policy making authority for Defendants.

**ANSWER:     Defendants deny the allegations set forth in Paragraph 4.**

5. At all relevant times herein Bryan Moore was an employee of the Village of Cahokia Water & Sewer.

**ANSWER:     Defendants admit Plaintiff was an employee of the Village of Cahokia. Defendants deny the remaining allegations set forth in Paragraph 5.**

6. Prior to Gary Cornwell's election as Mayor of Cahokia, Bryan Moore had previously made attempts to run for Mayor of the Village of Cahokia.

**ANSWER:     Defendants admit the allegations set forth in Paragraph 6.**

7. Bryan Moore was subsequently fired from the Village of Cahokia Water & Sewer on January 28, 2014. A position he had held from more than twenty years.

**ANSWER:     Defendants admit the allegations set forth in Paragraph 7.**

## COUNT I – RACIAL DISCRIMINATION

1. Pleading in addition to or in the alternative Plaintiff hereby incorporates paragraphs 1-7 set forth herein.

**ANSWER:     Defendants reassert their answers to Paragraphs 1 through 7 as if fully set forth herein.**

8. Prior to the initiation of this lawsuit Bryan Moore filed a Complaint with the EEOC claiming a charge of discrimination.

**ANSWER:     Defendants admit the allegations set forth in Paragraph 8.**

9. The right to sue letter was issued March 19, 2014 by the EEOC (see attached letter hereto marked Exhibit "1").

**ANSWER:     Defendants admit the allegations set forth in Paragraph 9.**

10. Since Mayor Gary Cornwell's election as Mayor, Defendants have engaged in the unlawful employment practices as follows:

a. Defendant has subjected Bryan Moore to unlawful racial discrimination during his employment in violation of 775 ILCS 5/1.

b. The unlawful conduct was unwelcome, racial in nature and directed at Plaintiff because of his race. The unlawful conduct was sufficiently severe or persuasive to create a hostile work environment for Plaintiff which altered the terms and conditions of his employment. Defendant has knowledge of the racial discrimination and failed to take proper or effective remedial measures to end any harassment. As a result of his race Plaintiff was fired. As a result of the actions complained of Bryan Moore has been deprived of the equal employment opportunities and otherwise adversely affected as his status as an employee because of his race.

c. The unlawful employment practices complained of were done with malleus or reckless indifference to the protected rights of Bryan Moore.

**ANSWER:** **Defendants deny that "775 ILCS 5/1" exists or refers to an Illinois statute. Defendants deny the remaining allegations set forth in Paragraph 10 and all of its subparts.**

## COUNT II – VIOLATION OF THE FIRST AND FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

1. Pleading in addition to or in the alternative Plaintiff hereby incorporates paragraphs 1 – 7 set forth herein.

**ANSWER:** **Defendants reassert their answers to Paragraphs 1 through 7 as if fully set forth herein.**

8. Plaintiff, Bryan Moore, was terminated by Defendants in violation of the First and Fourth Amendments in the United States Constitution as follows:

  a. Plaintiff, Bryan Moore, was employed by the Village of Cahokia Water & Sewer and was satisfactory performing his job duties.

  b. Bryan Moore was not a policy maker nor confidential employer for the Village of Cahokia Water & Sewer Plaintiff.

  c. Bryan Moore, was subsequently fired as a result of his political activity in running for the mayor of Village of Cahokia against Defendant, Gary Cornwell.

**ANSWER:** **Defendants do not respond to Plaintiff's allegations related to the Fourth Amendment because Defendants have moved to dismiss Plaintiff's Fourth Amendment claim. Defendants deny the remaining allegations set forth in Paragraph 8 and all of its subparts.**

### COUNT III – VIOLATION OF SECTION 775 ILCS 5/1

Defendants do not answer the allegations in Count III of Plaintiff's Complaint because Defendants filed a Motion to Dismiss Count III.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants have qualified immunity from liability for the relief claimed by Plaintiff in that Defendants did not knowingly violate clearly established rights of the Plaintiff of which a reasonable person would have known.

### Second Affirmative Defense

Defendants are entitled to judgment because they would have taken the same action against Plaintiff regardless of his alleged conduct or speech.

### Third Affirmative Defense

To the extent any discrimination occurred, which Defendants deny, Defendants exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff

unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm.

WHEREFORE, Defendants, Village of Cahokia and Mayor Gary Cornwell, respectfully request this Honorable Court enter judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint, with prejudice, and for such other and further relief as this Court deems just and proper.

**DEFENDANTS DEMAND TRIAL BY JURY.**

           **VILLAGE OF CAHOKIA,
           MAYOR GARY CORNWELL**

By: *s/Brian M. Funk*
     Brian M. Funk, #6277501
     O'Halloran Kosoff Geitner & Cook, LLC
     650 Dundee Road, Suite 475
     Northbrook, Illinois 60062
     Phone: 847/291-0200
     Fax:   847/291-9230
     Email: bfunk@okgc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-CV-887-SMY-SCW |
| v. ) | |
| ) | |
| VILLAGE OF CAHOKIA, ILLINOIS, ) | |
| a municipal corporation, VILLAGE OF ) | |
| CAHOKIA WATER & SEWER, and ) | |
| MAYOR GARY CORNWELL, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2014 I electronically filed *Defendants Village of Cahokia and Mayor Gary Cornwell's Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

Blake G. Meinders
Sprague & Urban
bmeinders@spragueurban.com


By: *s/Brian M. Funk*
Brian M. Funk, #6277501
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Phone: 847/291-0200
Fax:    847/291-9230
Email: bfunk@okgc.com